UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


EDWIN ALLEN ROBERTS,

       Plaintiff,

v.                                   Civil Action 14-26507

CAROLYN V. COLVIN,
Acting Commissioner of the
Social Security Administration,

       Defendant.


MEMORANDUM OPINION AND ORDER


On October 3, 2014, plaintiff Edwin Allen Roberts ("plaintiff") instituted this action seeking judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).  The sole issue before the court is whether the decision denying plaintiff's claim for income and benefits is supported by substantial evidence.  See 45 U.S.C. § 405(g).


I. Background


By standing order this action was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge.  On February 12, 2016, the magistrate judge filed his Proposed Findings and Recommendation ("PF&R").  In the PF&R, the

magistrate judge recommends that the Commissioner's final decision be affirmed and this matter dismissed from the docket.

On February 24, 2016, plaintiff filed his objections to the PF&R.  According to plaintiff, the magistrate judge erred in concluding that the decision of the Administrative Law Judge ("ALJ") was supported by substantial evidence.  Specifically, plaintiff contends that the ALJ erred in finding that plaintiff's right hand deformity was not a "severe" impairment. Plaintiff also contends that the magistrate erred in finding that new evidence, not presented to the ALJ though provided to the Appeals Council, which came from John R. Atkinson, M.A., a licensed clinical psychologist, was not "material" and did not warrant remand.  These arguments were presented, in virtually identical form, to the magistrate, who rejected them.

## II. Plaintiff's first objection

As noted, plaintiff asserts that the ALJ erred in determining that plaintiff's alleged impairment was not "severe."  In particular, plaintiff points to a December 2012 x-ray of his right hand, along with his complaints to his physicians that he suffered from swelling, cramping, and

difficulty grasping objects, as substantial evidence that his impairment was "severe."

## A.

To be deemed "disabled," a social security claimant must have an impairment or combination of impairments which is "severe," meaning that it "significantly limits [his or her] physical or mental ability to do basic work activities."  20 C.F.R. §§ 404.1520(c), 416.920(c).  Basic work activities are those necessary to do most jobs -- for instance, sitting and standing, seeing, hearing and speaking, and coping appropriately with a work environment.  See 20 C.F.R. §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6).  On the other hand, an impairment is considered "'not severe' only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Evans v. Heckler, 7234 F.2d 1012, 1014 (4th Cir. 1984) (emphases omitted).

## B.

Here, the ALJ acknowledged plaintiff's subjective complaints of chronic joint pain.  See Transcript 15.  The ALJ

also acknowledged plaintiff's testimony that he had difficulty
lifting various common objects, such as milk jugs or soda
bottles, and had to eat with his left, non-dominant hand.  Id.
On the other hand, so to speak, the ALJ considered the evidence
in the record indicating that examinations of plaintiff's hand
revealed only mild edema (fluid buildup) and tenderness.  See
Transcript 15-16.  Relatedly, the ALJ observed that evidence in
the record indicated that plaintiff's pain was stable with
medication.  See Transcript 16.  Consequently, the ALJ
determined that there existed in the record "no objective
evidence to support the alleged severity of [plaintiff's] joint
pain . . . or hand complaints."  Id.

The ALJ's conclusion is borne out by the record.
Plaintiff's treating physician, Dr. Roger Anderson, M.D., noted
mild edema in plaintiff's right hand, accompanied by some
tenderness and pain.  See Transcript 461-62, 474.  X-rays of
plaintiff's right hand demonstrated several deformities in the
bones of the hand, but only mild degenerative changes in the
affected joints and no definite evidence of past or present
acute fracture or dislocation.  See Transcript 455, 476.  After
plaintiff complained of hand and joint pain on two further
occasions in early 2013, Dr. Anderson prescribed plaintiff pain

medication.  <u>See</u> Transcript 460-61.  Plaintiff reported to Dr.
Anderson that the medication had provided him relief from pain.
<u>See</u> Transcript 459.  Plaintiff sought no further treatment.

Upon <u>de novo</u> examination of the record as it pertains
to this objection, the court concludes that the ALJ's decision
was supported by substantial evidence.  Although plaintiff
himself testified that he experienced pain in his hand, the
record itself is otherwise devoid of any objective evidence of a
severe impairment.  Instead, the medical evidence indicated that
plaintiff suffered from relatively mild degeneration, and that
his pain subsided with the use of medication.  Perhaps more
significantly, the record is quite clear that plaintiff did not
seek any treatment other than pain medication, and only sought
treatment in 2012, nearly six years after the injury occurred.
Under the circumstances, the court concludes that the ALJ's
decision -- that plaintiff's right hand injury was not of
sufficient severity to render him disabled, as that term is used
in the relevant regulations -- was supported by substantial
evidence.

### III. Plaintiff's second objection

Plaintiff further contends that remand is required for consideration of a psychological evaluation performed by John R. Atkinson, M.A., a clinical psychologist.  The magistrate judge concluded that Mr. Atkinson's report, though it existed for some time before the ALJ reached a decision, and which was eventually presented to the Appeals Council, was insufficient to work any change in the analysis of the result reached by the ALJ, as the report is consistent with the evidence upon which the ALJ based his decision.  Hence, the magistrate judge concluded that remand was not warranted on this issue.

To begin, 28 U.S.C. § 405(g) provides, in pertinent part, that remand is warranted "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."  Evidence is considered "material" if "there is a reasonable possibility that the new evidence would have changed the outcome" during the administrative review process.  Wilkins v. Secretary, Dep't of Health and Human Svcs., 953 F.2d 93, 96 (4th Cir. 1991) (en banc); Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985) (same).

6

The record indicates that on April 11, 2012, Letisha McClure, M.A., a therapist at Westbrook Health Services in Parkersburg, West Virginia, observed that plaintiff "present[ed] with appropriate affect" but had an "anxious and depressed range of mood."  See Transcript 446-47.  Ms. McClure recommended an additional psychological evaluation, and characterized plaintiff's mental health problems as "considerable."  Id.  Dr. Anderson, plaintiff's primary care physician, observed symptoms of anxiety during a March 5, 2013, examination, see Transcript 460-61, and formally diagnosed plaintiff with anxiety on May 2, 2013, see Transcript 473.  The record also contains evidence that plaintiff struggled in the past with alcohol and cannabis dependence, see Transcript 444-46, although plaintiff testified at his hearing before the ALJ that he had ceased consuming alcohol and illegal drugs, see Transcript 48-49.

Summarizing the evidence in the record, the ALJ concluded that plaintiff's mental health problems and limited past substance abuse were not "severe" impairments because there was a lack of evidence that they resulted in a significant limitation to plaintiff's ability to work.  See Transcript 16-17.  Further, the plaintiff's testimony indicated that plaintiff had begun taking the anti-anxiety medication Xanax, by

prescription, and had ceased consuming alcohol.  See Transcript

17.  The ALJ concluded that plaintiff had only mild limitations

in daily activities, social functioning, and other relevant

metrics.  Id.

          Mr. Atkinson's one-time evaluation of February 16,

2012, which, as noted, was not exhibited to the ALJ prior to

plaintiff's May 13, 2013, hearing is consistent with the

evidence relied upon by the ALJ.  See Transcript 513-521

(detailing Mr. Atkinson's evaluation and findings regarding

plaintiff's psychological state).  On February 8, 2012, Mr.

Atkinson conducted the psychological evaluation to determine

plaintiff's eligibility for disability benefits.  See Transcript

513.  According to Mr. Atkinson's report, he observed that

plaintiff's attitude was generally pleasant, but that he was

somewhat preoccupied and had difficulties with focus, attention,

and concentration akin to symptoms of ADHD.  See Transcript 513-

14.  For instance, plaintiff listened marginally during the

examination, talked on his cell phone, and exhibited other signs

of easy distractibility.  See Transcript 513, 517.  At the

conclusion of Mr. Atkinson's examination, he diagnosed plaintiff

with borderline intellectual functioning, and borderline

personality disorder of the antisocial type.  See Transcript

520.  Mr. Atkinson, however, felt that plaintiff's prognosis was fair.  <u>See</u> Transcript 520-21.

Having reviewed both the evidence submitted to the ALJ as well as the report by Mr. Atkinson, which plaintiff would now have considered by the ALJ on remand, the court concludes that Mr. Atkinson's report is consistent with the evidence upon which the ALJ was able to rely.  Because Mr. Atkinson's evaluation is consistent with the evidence the ALJ considered, the court cannot conclude that "there is a reasonable possibility that the new evidence would have changed the outcome" before the ALJ. <u>Wilkins</u>, 953 F.2d at 96.

## IV. <u>Conclusion</u>

For the reasons stated above, and having reviewed the record <u>de</u> <u>novo</u>, the court ORDERS as follows:

1. That the PF&R be, and it hereby is, adopted and incorporated herein;

2. That the Commissioner's final decision be, and it hereby is, affirmed;

3. That judgment be, and it hereby is, granted in favor of the Commissioner; and

4. That this civil action be, and it hereby is, dismissed and stricken from the docket.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and the United States Magistrate Judge.

DATED: March 25, 2016

John T. Copenhaver, Jr.
United States District Judge